```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
              v.                    :   S4 02 Cr. 1144 (BSJ)
                                    :
BERNARD J. EBBERS,                  :        Order
                                    :
              Defendant.            :
------------------------------------X
```
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On March 15, 2005, a jury convicted defendant Bernard J. Ebbers ("Defendant") on all counts of a nine-count indictment. On July 13, 2005, he was sentenced to twenty-five years in custody, to be followed by three years of supervised release. At the close of the sentencing proceedings, Defendant sought bail pending appeal. I requested that Defendant and the Government brief this issue. Based on the parties' submissions, Defendant's motion for bail pending appeal is hereby granted.

A person who has been found guilty and sentenced to a term of imprisonment must be detained pending appeal unless the court finds:

   (A) by clear and convincing evidence that the person
   is not likely to flee or pose a danger to the safety
   of any other person or the community;

   (B) that the appeal is not for the purpose of delay
   and raises a substantial question of law or fact
   likely to result in -

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

The Government's submission does not dispute that Defendant poses no risk of flight, nor does the Government argue that Defendant's appeal is for the purpose of delay.  Therefore the only issue squarely before me is whether Defendant's appeal raises a substantial question of law or fact that is likely to result in reversal of his conviction or a new trial.

Defendant has continuously argued, in his motions for both bail pending appeal and a new trial, that instructing the jury on conscious avoidance was reversible error.  Relying primarily on United States v. Ferrarini, 219 F.3d 145, 157 (2d Cir. 2000), Defendant contends that the Government failed to prove the factual predicate for the charge because there was no evidence that he deliberately avoided learning any fact at issue.

Defendant's appeal poses a substantial question.  Conscious avoidance is generally a thorny area of the law.  Particularly unclear is under what circumstances an unwarranted conscious

avoidance charge is harmless error where the Government has introduced evidence of the defendant's actual knowledge. The Second Circuit has not explicitly spoken on this issue. Compare United States v. Adeniji, 31 F.3d 58, 63 (2d Cir. 1994) ("Accordingly, the evidence of actual knowledge is manifest and, therefore, any error caused by the inclusion of the conscious avoidance instruction was harmless.") with Ferrarini, 219 F.3d at 157 ("The error in the jury instruction was, however, harmless in the instant case because there was overwhelming evidence that [the defendant] actually knew of the fraudulent nature of the loans and the jury was properly instructed on actual knowledge."). Other Circuits, including the Ninth, Seventh and Eleventh, have split on whether a conscious avoidance instruction is harmless *per se* where the Government introduced sufficient evidence to support a conviction on an actual knowledge theory. Compare United States v. Sanchez-Robles, 927 F.2d 1070, 1075 (9th Cir. 1991) ("If the record accommodates a construction of events that supports a guilty verdict, but it does not compel such a construction, then reversal is necessary.") (internal citations omitted) with United States v. Stone, 9 F.3d 934, 940 (11th Cir. 1993) ("There is no Supreme Court authority for the proposition that reversal is required when the Government has presented enough evidence to

support but not compel a conviction on an actual knowledge theory.").

To be clear, I find that Defendant's arguments regarding the conscious avoidance instruction are without merit. I believe the evidence adduced at trial more than satisfies the factual predicate for the charge and the evidence of Defendant's actual knowledge, the alternative basis for the jury's verdict, was more than sufficient. But as the Second Circuit has explained, bail pending appeal is not conditioned on the Court's "finding that its own judgment is likely to be reversed on appeal." United States v. Randell, 761 F.2d 122, 124 (2d Cir. 1985). Rather, Defendant need only show that "if a substantial question is determined favorably to [him] on appeal, that decision is likely to result in reversal or an order for a new trial." Id. at 125. Defendant has made that showing. Defendant's motion is GRANTED.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated: New York, New York
September 7, 2005