# BRACEWELL

September 3, 2019

The Honorable Colleen McMahon
Chief United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Bernard Ebbers' Request for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Dear Judge McMahon,

I was the sentencing Judge who imposed a 25-year sentence on Bernard Ebbers after his conviction for securities fraud as CEO of WorldCom. I write to support Mr. Ebbers' request for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

Although the sentence of 25 years (21 years with good time) was well within the Sentencing Guidelines range, it was unarguably a very lengthy sentence, particularly for a man in his 60's. Today at age 78, Mr. Ebbers is approaching year 14 of his incarceration. I understand that he now suffers from (1) macular degeneration – an untreatable condition that has currently rendered him legally blind; (2) cardiomyopathy – resulting in such low heart pumping capacity that he is at risk for stroke or heart attack; and (3) diabetes. Mr. Ebbers has had a defibrillator inserted and is incarcerated in a medical facility prison.

I also understand that due to his medical conditions, in particular his macular degeneration, Mr. Ebbers is unable to read documents integral to functioning in prison. He cannot fill out medical request forms or read his name on the list of inmates with scheduled medical visits. He also cannot enter a code on a locker, read a clock, or safely cut his fingernails and toenails or shave. He has serious difficulty seeing the buttons to make a phone call.

These medical conditions cause me to support Mr. Ebbers' request for a reduction in sentence. In doing so, I do not mean to minimize the severity of his crimes. His conduct inflicted substantial harm on many good people. The 25-year sentence that I imposed was intended to underscore the seriousness of that conduct and to serve as a deterrent to others who would commit financial fraud. A reduction in sentence now, however, after he has served almost 14 years of his sentence and developed serious medical issues, would not diminish the message that I sought to convey in 2005. It would show compassion. And, to state the obvious, it would not jeopardize public safety. In short, I believe that given his serious health problems, Mr. Ebbers has been punished enough.

Bracewell LLP     T: +1.212.508.6100    F: +1.800.404.3970
1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
bracewell.com

AUSTIN   CONNECTICUT   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   SAN ANTONIO   SEATTLE   WASHINGTON, DC

EXHIBIT 1

# BRACEWELL

September 3, 2019
Page 2

I thank the Court for considering this letter when evaluating Mr. Ebbers' request.

Sincerely yours,

*Barbara S. Jones*

Hon. Barbara S. Jones (ret.)
Partner

# BRACEWELL

September 15, 2017

President Donald Trump
The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

Honorable Lawrence Kupers
Office of the Pardon Attorney
U.S. Department of Justice
145 N Street N.E., Room 5E.508
Washington, DC 20530

Re:     <u>Bernard Ebbers, Petition for Commutation of Sentence</u>

Dear Mr. President and Mr. Pardon Attorney:

I was the sentencing judge who imposed a 25-year sentence on petitioner Ebbers after his conviction for securities fraud as CEO of WorldCom. I am no longer on the bench but when I was, it was not unusual to be asked for my views on commutation of sentence petitions. I do so here to assist your consideration of Mr. Ebbers' petition. I write to support it.

Although the sentence of 25 years which I imposed was well within the range advised by the Sentencing Guidelines, it was unarguably a very lengthy sentence, particularly for a man in his 60's. Today at age 76, approaching year 12 of his incarceration I now understand that he suffers from (1) impending blindness because of macular degeneration – an untreatable condition; and (2) cardiomyopathy – resulting in such low heart pumping capacity that he is at risk for stroke or heart attack, has had a defibrillator inserted and has been moved to a medical facility prison. I am also advised that for several years, lack of personnel at the prison resulted in missed cardiology appointments and medication issues. By this I do not intend to criticize the Bureau of Prisons. I sat on the federal bench for nearly 17 years and I know that the Bureau works very hard to provide adequate medical care to inmates and usually succeeds. Sometimes, however, the medical needs of a prisoner eclipse the resources of the Bureau and this appears to be such a time. Being subject to the inconsistent medical resources and treatment options was not part of the sentence I intended to impose.

Barbara S. Jones    T: +1.212.508.6105    F: +1.800.404.3970
Partner             1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
                    barbara.jones@bracewell.com    bracewell.com

AUSTIN  CONNECTICUT  DALLAS  DUBAI  HOUSTON  LONDON  NEW YORK  SAN ANTONIO  SEATTLE  WASHINGTON, DC

# BRACEWELL

September 15, 2017
Page 2


      Therefore, on health grounds alone, I do not object to the exercise of your discretion to grant the petition for commutation of sentence and in fact think it appropriate under these circumstances. Releasing Mr. Ebbers at age 76 and in poor health after 12 years in prison would not diminish respect for the law.

Sincerely yours,

*Barbara S. Jones*

Hon. Barbara S. Jones (ret.)
Partner

BSJ/wr