

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 7, 2019

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    *United States* v. *Bernard J. Ebbers*, 02 Cr. 1144 (VEC)

Dear Judge Caproni:

      Consistent with the Court's Order of October 31, 2019 (Dkt. # 362), the Government writes with respect to victim notification issues relating to defendant Ebbers' motion for a reduction in sentence. The parties have conferred substantially regarding this issue but maintain different positions. In sum, the Government believes that regardless of whether notice to victims and an opportunity for them to be heard is technically required under the relevant statute, that such notice and opportunity to be heard is appropriate and should be provided for in this instance. The defendant, who is writing separately, believes that victim notification is neither compelled by statute nor appropriate in this matter. The parties have agreed, however, as to the form and procedure for any such notice, should the Court order it.

      With respect to victim notification regarding defendant Ebbers' motion for a sentence reduction and the right for victims to be heard, Title 18, United States Code, Section 3771 provides, *inter alia*, that a crime victim has (1) "[t]he right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused," and (2) "[t]he right to be reasonably heard at any *public proceeding* in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(2) & (4) (emphasis added). Because the defendant's motion is for a sentencing reduction, if granted, it would certainly "involve" his sentencing. It is not clear whether the adjudication of Ebbers' motion, on the papers and absent a live hearing, constitutes a "public proceeding." *But see Brandt* v. *Gooding*, 636 F.3d 124, 136–37 (4th Cir. 2011) (holding that a filing of a habeas petition "initiated a 'public proceeding' within the meaning of the Act.").[1] Regardless, however, of whether notice and an opportunity to be heard absent a live in-court hearing is mandated, the

---

[1] As the Fourth Circuit also points out in *Brandt*, Section 3771(b)(2)(A) specifically provides that: "In a Federal habeas corpus proceeding arising out of a State conviction, the court shall ensure that a crime victim is afforded the rights described in paragraphs (3), (4), (7), and (8) of subsection (a)."

Hon. Valerie E. Caproni
November 7, 2019
Page 2

Government believes that it is the most appropriate course to allow victims to be heard if the Court is contemplating granting Ebbers' requested relief, especially given the scope and scale of the crime at issue and the large pool of victims.

In terms of the content and mechanism to carry out victim notification and the right to be reasonably heard, a brief description of the notification measures previously employed in this case is merited. In June 2005, in the run up to the sentencing proceedings in this matter, the Government filed a motion and a supporting memorandum regarding, *inter alia*, victim notification issues (the "Victim Notification Motion," Dkt. # 287, and the "Victim Notification Memorandum," attached hereto as Ex. A and Ex. B respectively). In the Victim Notification Motion, the Government noted that the fraud in this case went from at least in or about 2000 to in or about June 2002, and that because WorldCom had tens of thousands of shareholders during that time period and also issued bonds during that time period held by thousands of investors, that "there are, at a minimum, literally tens of thousands of victims of this crime." Ex. A to Victim Notification Motion (Decl. of David Anders at 2). Based on this reality, and the impracticability of identifying and contacting each victim, the Government sought the Court's approval for certain victim notification procedures as being "reasonable" under 18 U.S.C. § 3771(d)(2).[2] The procedures included: (1) posting a notice on the victim-specific page of the website for the U.S. Attorney's Office for the Southern District of New York (the "Office");[3] (2) having that same notice sent to any victims whose identity and address had been gathered by the Settlement Administrator appointed by the Court in the class action lawsuits captioned *In re WorldCom Securities Litigation* and *In re WorldCom ERISA Litigation*, which are before the Honorable Denise L. Cote; and (3) the Office distributing a press release regarding the notice.

This procedure was approved by the Court in an order dated June 13, 2005 (the "Victim Notice Order," Dkt. 294, attached hereto as Ex. C). Also as requested by the Government, the Victim Notice Order specified that the notice contain certain information, including:

    a.  The caption, case number, assigned judge, and names of corporate entities (if public) involved in the case for which notification is made;

    b.  A substantially verbatim listing of the rights provided for in Title 18, United States Code, Section 3771(a);

    c.  A listing of public proceedings scheduled in the case for which notification is made; and

---

[2] That provision provides: "In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings."

[3] Any specific sub-page relating to this matter no longer exists on the Office's website, but should victim notification be ordered, one will be reinstated, as set forth herein.

Hon. Valerie E. Caproni
November 7, 2019
Page 3

      d.   The name and contact information for a United States Attorney's
             Office official with responsibility for addressing victims' rights.

The Victim Notice Order further stated:  "The Notice will specify that the Court, in order to conduct orderly proceedings and to maintain a reasonable schedule, requires advance notice no later than one week prior to any sentencing proceeding from victims who wish to be heard during any court proceeding.  Based on the number of victims who provide such notice, the Court will rule on the manner in which victims will be heard at such proceedings. Similarly, the Notice will specify that any victims who object to the procedures set forth below regarding restitution must file those objections with the Clerk of the Court and serve those objections on all parties no later than one week prior to any sentencing proceeding."  The Victim Notice Order was effected by the Government and the Settlement Administrator.  A copy of the notice sent out by the Settlement Administrator is attached as Exhibit D.

        Should the Court order victim notification with respect to defendant Ebbers' pending motion, the parties have conferred and both believe that the notification should be accomplished using two of the same means of distribution set forth in the Victim Notice Order:  Notice on the Office website and through a press release issued by the Office.[4]  In terms of its content, the parties propose the following:

      a.   The caption, case number, and assigned judge;

      b.   A description of Ebbers' current sentence and presently anticipated release date, a
            description of Ebbers' pending motion and the fact of the Government's opposition
            to the motion, along with a link to a copy of the relevant briefs on the Office's
            website;

      c.   A listing of the rights relevant to this proceeding provided for in Title 18, United
            States Code, Section 3771(a);

      d.   The name and email address for a United States Attorney's Office official with
            responsibility for addressing victims' rights.

      e.   A deadline and instructions for victims to submit any correspondence to the Office
            regarding the defendant's motion.[5]

---

[4] Based on information provided by representatives of the Settlement Administrator, issuing notice through the Settlement Administrator would be impracticable in terms of both cost and timing. Representatives of the Settlement Administrator have relayed that they likely do not have email addresses for the "vast majority" of the 4 million victims in their database and that, in terms of notice via physical mailing, the postage alone would cost approximately $2 million, without including the cost of printing the notice, and take between 21 and 30 days to print and mail.

[5] For convenience of the Court and the parties, and if the Court agrees, the notice will direct that any victim correspondence, while addressed to the Court, should be sent to the Government.  The Government can then provide, in bulk, any victim communications it receives to the Court and

Hon. Valerie E. Caproni
November 7, 2019
Page 4


A proposed draft copy of such a notice, approved by both parties is attached hereto as Exhibit E.

The Government is prepared to effect notice within two business days of the issuance of any order providing for such notice, with a deadline for victims to submit any correspondence within seven business days of the notice being issued.

                          Respectfully submitted,

                          GEOFFREY S. BERMAN
                          United States Attorney

                   by:   /s/ Gina M. Castellano
                          Gina Castellano
                          Assistant United States Attorney
                          (212) 637-2224


cc: Graham Patrick Carner, Esq., counsel to defendant Ebbers (by email and filing on cm/ecf)

---

counsel for the defendant.  The Court would, of course, need to determine a deadline by which it would want receive any such correspondence, and the Government would set a deadline to receive such correspondence accordingly.