ATTORNEY & COUNSELOR AT LAW

graham.carner@gmail.com

November 7, 2019

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Bernard J. Ebbers*; Cause No. 1:02-CR-1144-VEC

Dear Judge Caproni:

This letter responds to the Court's October 31, 2019 Order (Docket # 362), asking the parties to answer two questions about victim notification. The parties have conferred and have differing views with respect to the first question. As set forth in the letter being submitted by the Government, the parties have agreed to a notification framework if the Court chooses to solicit victim input on Ebbers' Motion for Reduction in Sentence.

Under 18 U.S.C. § 3771(a)(2) and 34 U.S.C. § 20141(c)(5), victims have a right to notice of the release of a defendant. Victims also have the right to notice of "any public court proceeding, or any parole proceeding involving the crime" under Section 3771(a)(2). Victims have a right to be heard at any such "public proceeding" under Section 3771(a)(4).

The Government states that it is not clear whether a determination of a motion for compassionate release on the pleadings only is a "public court proceeding" or "public proceeding" (if those are even different things) but urges the Court to solicit victim input in this matter. A plain reading of the statute shows that notice and input is not required here. The subsection that immediately follows Section 3771(a)(2) affords victims "[t]he right to not be excluded from any **such** public court proceeding, unless the court…determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3) (emphasis added). Likewise, Section 3771(b)(1) permits "the fullest attendance possible by the victim" at such proceedings. The plain meaning of attendance is: "the act of being present at a place, for example at school." *Oxford Advanced American Dictionary*. Clearly, "public court proceeding" and "public proceeding" mean a live hearing in court where testimony is given and people can be physically present, and not determinations of motions on the pleadings.

*Letter to Judge Caproni*
*November 7, 2019*
*Page 2*

Case law from across the nation demonstrates that victim notification is not required on motions for reduction in sentence. Prior to filing the Motion for Reduction in Sentence, the undersigned attorney searched for every merits-based determination of a compassionate release motion under 18 U.S.C. § 3582 since the implementation of the First Step Act. That research has been updated while this matter has been pending. Not one of the many decisions that counsel has read makes any mention of victim notification or input.

A term search of cases where 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3771 are both cited yields 2 cases, both of which pre-date the First Step Act. Neither case makes any mention of victim notification or input being required in a compassionate release matter.

A term search of cases including "First Step Act" & Section 3771 yields 7 cases. The only references to notice in those cases (which are not necessarily compassionate release cases but involve reductions in sentence and potential release) is to notice of release, not of the pending motion and for victim input. *See, e.g., United States v. Mitchell*, 2019 U.S. Dist. LEXIS 107396 (D.D.C. June 27, 2019); *United States v. Perkins*, 2019 U.S. Dist. LEXIS 65311 (N.D. Iowa Apr. 3, 2019); *United States v. Cochran*, 2019 U.S. Dist. LEXIS 120158 (N.D. Ind. May 30, 2019).

It is the Government's obligation to accord victims any applicable rights. 18 U.S.C. § 3771(c). The Government has known about Ebbers' filing since September 5. More than 2 months have passed. The fact that the Government has not made any efforts at notification to date contradicts the Government's position that such notice is required. Mr. Ebbers' health is declining rapidly—indeed, it has declined significantly since his Motion for Reduction in Sentence was filed. Ebbers recently requested an expedited determination in light of his rapidly failing physical and mental health. Even since the filing of that Motion, Ebbers' counsel has received reports of Ebbers falling on multiple occasions. These falls have reportedly resulted in injuries, further showing an inability to provide self-care. It would be unjust to delay this matter further when the Government (a) acknowledges that notice may not be required and (b) has made no effort to date to provide it.

Finally, victim input is not a factor under 18 U.S.C. § 3582(c)(1)(A). While it is Ebbers' position that victim notification and input is not required for this matter under 18 U.S.C. § 3771, such input will have no discernible impact on the questions before the Court. It can be reasonably anticipated that there will be victims who oppose the request for reasons that have no little or nothing to do with the factors set forth in 18 U.S.C. § 3582(c)(1)(A). It can also be reasonably anticipated that there will be victims who do not oppose compassionate release.

*Letter to Judge Caproni*
*November 7, 2019*
*Page 3*

Regardless of the nature of victim input, the questions before the Court will remain the same: (1) has Ebbers exhausted administrative remedies, (2) has he demonstrated extraordinary and compelling reasons for release, (3) do the Section 3553(a) factors favor release, and (4) is release consistent with applicable policy statements issued by the Sentencing Commission?  Practically speaking, victim input will not add anything to the Court's analysis.  The additional time required for soliciting, receiving, and reviewing victim input will do nothing but unreasonably delay this matter.  As demonstrated in Ebbers' Motion to Expedite, time is of the essence.

To be clear, Ebbers does not oppose victim notification and input out of fear that some will voice their opposition.  That is to be expected.  But given the nature of the Motion and the circumstances of Ebbers' health, the time that notification and input will add is prejudicial.  And ultimately, the input (both in opposition to and in favor of Ebbers' release) does not provide the Court with information needed to decide the merits of the Motion.

Notice to victims is not required before the Court makes its decision.  If the Court rules otherwise, Ebbers requests a significantly expedited notice and input period of not more than one week, in light of Ebbers' rapidly declining health, the request for expedited determination, and the Government's inaction over the past 2 months.

The only notice to victims that is required is post-decision notification of Ebbers' release under 18 U.S.C. § 3771(a)(2) and 34 U.S.C. § 20141(c)(5).  If the Court orders release, the Defendant suggests that the Court employ reasonable alternative procedures pursuant to 18 U.S.C. § 3771(d)(2) similar to those used by Judge Jones during the prosecution of Mr. Ebbers (the Government's letter details those procedures, and they will not be unnecessarily duplicated here).

In summary, victim notification is not required prior to this Court deciding the motion on the written submissions of the parties.  The Government has already voiced its objection to Ebbers' Motion.  There is no practical benefit to victim input in this matter, and the resulting delay will unnecessarily prejudice Ebbers, whose physical and mental health is rapidly declining.

Sincerely,

*/s/ Graham P. Carner*

GRAHAM P. CARNER, PLLC