ATTORNEY & COUNSELOR AT LAW

graham.carner@gmail.com

November 19, 2019

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Bernard J. Ebbers*; Cause No. 1:02-CR-1144-VEC

Dear Judge Caproni:

Yesterday, the Government produced 176 pages of recent medical records. I write to highlight the contents of those records and to respond to the one place in the records that the Government highlights regarding the potential for malingering.

To be clear, there has been no clinical testing conducted on the issue of malingering. The record highlighted by the Government is from a psychologist who notes that Mr. Ebbers "sounds different" in some phone calls than he did when evaluated 11 days before. This observation could have a myriad of explanations other than malingering. Mr. Ebbers could have been experiencing an acute issue in his prior unit that has improved with his recent transfer to the more restrictive unit with 24-hour nursing care. Also, it is commonly known that people suffering from dementia (which can have many forms[1]) can experience symptom fluctuation (i.e., "good days and bad days") that has nothing to do with malingering.

The medical records reflect such fluctuation in Mr. Ebbers' interactions with staff. On some days, he is reported to be alert and oriented with a pleasant affect (pg. 1). On other days, he is reported to be of flat affect (pg. 11, 57), unkempt (pg. 35, 57), "not a very good historian" and seeming to "mumble words when talked to" (pg. 35). It is also noted that Mr. Ebbers is on medications that can decrease alertness, which could also be a factor (e.g., pg. 113, 115).

The records indicate that significant diagnostic testing has not happened. The need for a colonoscopy was noted as "urgent" in October, but that has not been done.

---

[1] Based on counsel's research, one such form is "Vascular Dementia," a general term describing problems with reasoning, planning, judgment, memory, and other thought processes caused by impaired blood flow to the brain. Vascular Dementia is sometimes marked by stepwise decline/symptom fluctuation. Obviously, counsel is not a doctor, but in light of the known chronic vascular issues that Mr. Ebbers is experiencing, this is another possible explanation of his symptoms.

*Letter to Judge Caproni*
*November 19, 2019*
*Page 2*

Turning to other medical findings in the records, the following is noted:

- Mr. Ebbers has difficulty walking (pg. 1). There is a clinical finding of "Gait of Old Age" (pg. 1) and "Impaired Muscle Performance" (pg. 2).
- Mr. Ebbers reports that he is "eating well" (pg. 1), yet his drastic weight loss continues. **On 11/5/2019, he weighed 152 pounds and on 11/12/2019 he weighed 148 pounds (pg. 91-92).** As reflected in the letter to the Court on October 25 (Docket # 359), he weighed 155 pounds on 10/09/2019, 187 on 01/17/2019, and 200 on 07/12/2018.
- Mr. Ebbers was evaluated on 11/06/2019 due to multiple falls and reports of low blood pressure and lightheadedness (pg. 7).
- The 11/06/2019 evaluation noted Weakness, Involuntary Movements in the Motor System, Slow Movements, Asymmetric Movements, and "Gait of Old Age" (pg. 12, 13). The 11/06/2019 evaluation continues to note symptoms related to cognitive functions and awareness (pg. 13).
- The 11/06/2019 recommends evaluation for walker or wheelchair. It also recommends transfer of Ebbers "close to nursing station and needs **ICA (this appears to be an inmate who provides assistance to Ebbers) to accompany him all the time, when getting up, to reduce fall** (pg. 14).
- Mr. Ebbers was treated for falls on 10/30/2019 (resulting in striking his head) (pg. 38, 41); 11/03/2019 (pg. 18); and 11/05/2019 (pg. 15).
- An evaluation on 11/05/2019 following one of the falls notes that Mr. Ebbers was making some use of a wheelchair (pg. 15).
- An evaluation on 11/03/2019 following a fall notes that Mr. Ebbers returned to the unit with the assistance of an ICA (pg. 19).
- Following the abdominal ultrasound, an order was made for an "Oral Contrast Enhanced CT scan of the Abdomen and Pelvis due to Unexplained Weight Loss". This order again notes "Can not rule out malignancy" (pg. 27).
- On 10/30/2019, it was noted that Mr. Ebbers "presents frequent hypotensive episodes" (pg. 33).
- On 10/21/2019 and 10/30/2019, Ebbers was also found to be **"Cachectic," also known as "Wasting Syndrome"** which is often the sign of an underlying disease process and includes symptoms of weight loss, muscle loss, lack of appetite, fatigue, and decreased strength (pg. 35, 57).
- On 10/21/2019, Ebbers was found to be experiencing Muscle Atrophy and Decreased Range of Active and Passive Motion (pg. 60, 61).
- On 11/14/2019, it was recommended that Mr. Ebbers be "assisted by staff and ICA's as needed" (pg. 113).
- On 11/13/2019, medical staff recommended fall protection measures, including bed rails, assistance and reorientation by others, assistive ambulatory device, and frequent safety checks (pg. 113).

*Letter to Judge Caproni*
*November 19, 2019*
*Page 3*

- **There are multiple references to Mr. Ebbers needing assistance with Activities of Daily Living (ADLs) (e.g., pg. 14, 113-118).**
- Multiple references to a continued diagnosis of dementia (pg. 114-117).
- Mr. Ebbers is restricted from working in food service (pg. 135).
- Ebbers' laboratory testing evidences chronic illness, including low albumin (pg. 5), low iron levels (pg. 145), and high Ferritin (pg. 145). Based upon counsel's research, anemia exacerbates the chronic cardiovascular issues.
- A summary of "Current Health Problems" of Mr. Ebbers includes: Hyperlipidemia; Macular degeneration; Cataract; Cardiomyopathy; Iron deficiency anemia; Presbyopia (far-sightedness); Blindness, both eyes; Low vision, both eyes; Unspecified disorder of eye and adnexa; Inguinal hernia; Pressure ulcer of buttock, Sicca syndrome; Unspecified symptoms and signs with cognitive functions and awareness; Prediabetes; and Presence of defibrillator (pg. 107-108).

Under U.S.S.G. § 1B1.13, Application Note 1(B) (Age) extraordinary and compelling reasons exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

Under Application Note 1(A) (Medical Condition) extraordinary and compelling reasons exist if an inmate is suffering from "serious physical or medical condition", "serious functional or cognitive impairment", or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

Mr. Ebbers has demonstrated throughout the pleadings that he meets these standards. The updated medical records further support those contentions. Mr. Ebbers is clearly experiencing deteriorating physical health as a result of the aging process. He has a substantially diminished ability to provide self-care in prison. There is no proof of malingering with regard to cognitive issues. But even without considering any cognitive issues (which have not been the focus of Ebbers' Motion), objective medical findings show that his age and medical condition qualify as extraordinary and compelling reasons for compassionate release.

Sincerely,

*/s/ Graham P. Carner*

GRAHAM P. CARNER, PLLC